THE MARYLAND CASUALTY COMPANY, A CORPORATION, *Plaintiff in Error,* v. CITY OF PENSACOLA, *Defendant in Error.*

Opinion Filed December 9, 1914.

Where a surety company's bond refers to "and include all sums deposited with said bank *as city depository* during the year" and undertakes that the bank "shall well and truly keep and preserve the said funds, * * * and shall faithfully account for and pay over all moneys which have been, or may be hereafter, deposited with *it by virtue of it having been designated as the depository of said funds,*" such bond covers money derived from city licenses collected by the bank for the City Treasurer and entries thereof are made "in the license book kept by the bank *for the city,*" and afterwards such entries are "transferred from the Treasurer's balance to the city account."

Writ of error to Circuit Court for Escambia County; J Emmet Wolfe, Judge.

Judgment affirmed.

*E. C. Maxwell,* for Plaintiff in Error;

*Blount & Blount & Carter* and *T. B. Jones,* for Defendant in Error.

WHITFIELD, J.—The City of Pensacola obtained a directed verdict and a judgment thereon against the Casualty Company on a bond for $75,000.00 given to secure deposits made by the city in a bank, and the defendant company took writ of error.

The condition of the bond is "that, whereas, heretofore, to-wit: On the 24th day of October, A. D. 1912, the said Pensacola State Bank of Pensacola, Florida, pursuant to resolution of the City Council of the City of Pensacola, was designated as a depository of said City's funds for the year beginning Nov. 1st, 1912, and ending Nov. 1st, 1913, which said funds are embraced in classes 1 to 3, inclusive, as mentioned in the resolution of the City Council of said City, approved by the Mayor Sept. 26th, 1912, and include all sums deposited with said bank as City Depository during the year dating Nov. 1st, 1911, to Nov. 1, 1912, which have not heretofore been withdrawn by, or repaid to said City; and, whereas, said Pensacola State Bank, as such depository, is required by the resolution of the City Council of said City to give as security for said funds a bond in the sum of Seventy-five Thousand Dollars ($75,000.00).

Now, therefore, if the said Pensacola State Bank of Pensacola, Florida, shall well and truly keep and preserve the said funds, which have heretofore, or may be hereafter deposited with it as aforesaid, and shall faithfully account for, and pay over all moneys which have been, or may be hereafter, deposited with it by virtue of it having been designated as the depository of said funds,

and from time to time honor such warrants as may be lawfully drawn against said funds, not to exceed the amount on deposit at the time of the presentment of said warrants, then this obligation to be null and void, else to remain in full force and virtue.

The above and foregoing obligation is executed pursu-ant to, and in conformity with, Chapter 5835, Laws of Florida of 1907, and ordinances of the City of Pensacola to accomplish the purpose of said act."

All the questions herein presented that were deter-mined by this court in the case of United States Fidelity & Deposit Company v. City of Pensacola, decided this term, will not be further discussed in this case.

It is contended that the trial court should not have directed a verdict for the full amount of the bond, for the reason that the obligation of the bond does not cover certain sums of money for city license taxes collected by the bank. According to the only witness these items were received when "the bank collected licenses for the treasu-rer and afterwards would transfer the treasurer's balance to the city account." "In the license book that was kept by the bank *for the city* this balance was shown, although in some cases in the rush of business they just omitted it and did not give the city credit for it" till later.

The statute, Chapter 5835, Acts of 1907, provides for a designation by the city of a depository of city funds, and requires the custodian of the funds for which a depository is designated "to place said fund or funds in the depos-itory. * * * so designated." The resolution under which the designation of the bank as depository of the city funds was made, refers to "all funds coming into the Treasurer's hands" except some not relevant here. By its terms the bond refers to "and include all sums deposited with said bank *as city depository* during the year" and un-

dertakes that the bank "shall well and truly keep and preserve the said funds, * * * and shall faithfully account for and pay over all moneys which have been, or may be hereafter, deposited with *it by virtue of it having been designated as the depository of said funds."

It is clear that in view of the duty of the treasurer under the statute to place the city funds in the designated city depository, and the undertaking of the bond that as to "all sums deposited with said bank as city depository during the year," the bank "shall well and truly keep and preserve and shall faithfully account for and pay over," the city license tax moneys collected by the bank for the treasurer, and entries thereof made "in the license book that was kept by the bank *for the city*," and which the bank would afterwards "transfer to the treasurer's balance to the city account," are "sums deposited with said bank as city depository" within the meaning and obligation of the bond. This being the construction of the bond as applicable to the facts in evidence, no error appears in directing a verdict for the plaintiff for the full amount of the bond, or in rendering judgment thereon.

The judgment is affirmed.

SHACKLEFORD, C. J., AND TAYLOR, COCKRELL AND HOCKER, J. J., concur.